UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE MUYET,
                       Petitioner,

    -versus-                 No. 01 Civ. 9371 (LAP)

UNITED STATES OF AMERICA,        ORDER

                       Respondent.

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

    Before the Court is pro se petitioner Jose Muyet's motion under Federal Rule of Civil Procedure 60(d)(3) for relief from the judgment denying his prior habeas petition. (See Motion dated June 15, 2017 [dkt. no. 18]; see also dkt. no. 27 (supplementing Rule 60(d)(3) motion).) Mr. Muyet contends that he is entitled to relief because the Government and his criminal trial counsel allegedly fraudulently stated in affidavits that the Government never offered Mr. Muyet a plea deal in connection with his criminal prosecution. (See Motion at 3-4.)

    Rule 60(d)(3) permits a court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). The "fraud on the court" concept "embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." King v. First Am. Investigations, Inc.,

1

287 F.3d 91, 95 (2d Cir. 2002) (citation and internal quotation marks omitted). To prevail on a Rule 60(d)(3) motion, the movant must show fraud by clear and convincing evidence. Manti's Transp., Inc. v. Citicapital Commercial Corp., Inc., No. 06 Civ. 1699 (SJF) (RML), 2008 WL 977192, at *7 (S.D.N.Y. Apr. 9, 2008).

Here, Mr. Muyet has not shown any fraud related to the affidavits the Government and his lawyer submitted regarding the absence of a plea offer. Mr. Muyet primarily anchors his Rule 60(d)(3) motion to the fact that (1) his co-defendants received plea offers, which, according to Muyet, means he must have too; and (2) his lawyer was disciplined and disbarred for misconduct in other cases, which, according to Mr. Muyet, suggests he lied in his affidavit. Neither of these points nor anything else in Mr. Muyet's motion constitutes clear and convincing evidence of fraud. That his co-defendants received plea offers does not mean that Mr. Muyet, the leader of the criminal organization in which his co-defendants participated, necessarily received one as well. And even if the Court were to accept Mr. Muyet's argument that his trial counsel lacked credibility, Mr. Muyet offers no evidence whatsoever casting doubts on former Assistant U.S. Attorney Thomas Finnegan's sworn statement that "the Government never made a plea offer to Muyet." (See Motion Ex. B ¶¶ 3, 4.) Although Mr. Finnegan's affidavit says the Government and defense counsel may have discussed the broad contours of a

2

potentially "global" plea offer as to all defendants, that does not mean the Government ever actually made a formal plea offer covering Mr. Muyet, as Mr. Muyet seems incorrectly to assume. (See id.)  Given Mr. Finnegan's uncontroverted affidavit and the absence of any meaningful countervailing evidence, there is no basis for that inferring that fraud on the court occurred.

    Mr. Muyet's Rule 60(d)(3) motion is therefore DENIED.  The Clerk of the Court is directed to mail a copy of this order to Mr. Muyet and to mark this action closed and all pending motions denied as moot.

SO ORDERED.

Dated:   March 23, 2020
          New York, New York

_____
LORETTA A. PRESKA
Senior U.S. District Judge