UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE MUYET,

        Petitioner,

   -versus-

UNITED STATES OF AMERICA,

        Respondent.

01 Civ. 9371 (LAP)

ORDER

---

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

    Before the Court is Jose Muyet's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  (Dkt. no. 49.)  Among other crimes, Mr. Muyet was convicted on eleven counts of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), and was sentenced principally to life imprisonment.  The predicate crimes of violence underlying the § 924(c) convictions included participating in a conspiracy to murder, murder, and/or attempted murder.  Mr. Muyet moves to vacate his sentence on grounds that the Supreme Court's decisions in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), and <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019), render his § 924(c) convictions unconstitutional and asks the Court to resentence him.  For the reasons below, Mr. Muyet's motion is <u>DENIED</u>.

1

In 1996, Mr. Muyet was charged with various racketeering, narcotics, and firearms offenses arising out of his participation in a racketeering enterprise known as the "Nasty Boys." Count 1 of the indictment charged Mr. Muyet with participating in the Nasty Boys racketeering enterprise in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). Count 1 described fifteen racketeering acts, including twelve murders, several conspiracies and attempts to murder, and narcotics trafficking. Count 2 charged Muyet with conspiring to conduct and participate in the affairs of the racketeering enterprise in violation of 18 U.S.C. § 1962(d). Counts 3 through 23 and 25 through 29 charged Mr. Muyet with violent crimes in aid of racketeering in violation of 18 U.S.C. § 1959. Count 30 charged him with conspiring to distribute heroin and crack cocaine in violation of 21 U.S.C. § 846. Finally, Counts 31-35 and 37-42 charged Mr. Muyet with firearms offenses in violation of 18 U.S.C. § 924(c).

Following a months-long trial, a jury convicted Mr. Muyet on all counts except for one § 924(c) count on which he was acquitted. See Muyet v. United States, No. 01 Civ. 9371 (PKL), 2004 WL 1746369, at *1 (S.D.N.Y. Aug. 3, 2004). The evidence showed that Mr. Muyet ran the Nasty Boys enterprise, which operated in the Bronx and sold millions of dollars worth of crack cocaine and heroin and frequently used violence to further

its objectives.  Id.  In 1998, Judge Leisure sentenced Mr. Muyet to 14 concurrent life sentences followed by a mandatory consecutive sentence of 205 years' imprisonment.  See United States v. Muyet, 95 Cr. 941 (PKL), dkt. nos. 256, 262.) Specifically, Judge Leisure sentenced Mr. Muyet to concurrent life sentences on Counts 1 (RICO), Count 2 (RICO conspiracy), Counts 4, 6, 8-10, 16, 19, 20, 23, and 29 (murder in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(1) and 2), and Count 30 (narcotics conspiracy).  For Counts 3, 5, 7, 11, 12, 13, 15, 17, 18, 21, 22, 25-28 (conspiracy to commit murder or assault resulting in serious bodily injury, or attempted murder or assault resulting in serious bodily injury, in aid of racketeering), Mr. Muyet received 10-year terms of imprisonment to run concurrently with the life sentences.  Mr. Muyet received a mandatory consecutive term of 205 years' imprisonment on the § 924(c) counts, consisting of 5 years on Count 31, followed by 20 years terms on each of Counts 32-35 and 37-42.

    Mr. Muyet's § 2255 motion argues that the Court should vacate his § 924(c) convictions and resentence him because Johnson and Davis found the "residual clause" in § 924(c)'s definition for "crimes of violence" to be unconstitutionally vague.  The Court need not address the § 924(c) issue, however, because even if Mr. Muyet were correct and the Court were to vacate all of his § 924(c) convictions, it would make no

difference whatsoever in Mr. Muyet's overall sentence.  This is because alongside his sentences on the § 924(c) convictions, Mr. Muyet received several mandatory life sentences for crimes he committed while running the Nasty Boys enterprise.  For example, Mr. Muyet was convicted of murder in aid of racketeering under 18 U.S.C. § 1951(a)(1) on Counts 4, 6, 8, 9, 10, 14, 16, 19, 20, 23, and 29, with each offense carrying a mandatory minimum sentence of life imprisonment.  (See United States v. Muyet, 95 Cr. 941 (PKL), dkt. nos. 256, 262); see also, e.g., United States v. James, 239 F.3d 120, 127 (2d Cir. 2000) (affirming ruling "that 18 U.S.C. § 1951(a)(1) carries a mandatory minimum sentence of life in prison").  Because Mr. Muyet's life sentences would remain valid and untouched by any vacatur of his § 924(c) convictions, he is not entitled to resentencing, which would have no practical impact on his term of incarceration.  See United States v. Powers, 842 F.3d 177, 180 (2d Cir. 2016) (acknowledging the Court of Appeal's practice of finding resentencing unnecessary "when the defendant has already received . . . a mandatory minimum sentence").

For the foregoing reasons, Mr. Muyet's § 2255 motion is <u>DENIED</u>.  Because Mr. Muyet has not made a substantial showing of a violation of a constitutional right, the Court will not issue a certificate of appealability.  The Clerk of the Court is directed mark this action closed and all pending motions denied as moot and to mail a copy of this order to Mr. Muyet.

**SO ORDERED.**

Dated:   July 30, 2020
         New York, New York

_____
LORETTA A. PRESKA, U.S.D.J.